No. 1189.

EDWARD AND EMMA THOMAS vs. NUMA BIENVENU.

AUG. MARAIST, INTERVENOR.

Where an appeal bond was given for the amount prescribed in the order for a suspensive appeal, and was filed within the time prescribed for such appeal, it is a good bond for a suspensive appeal, though it is recited in the body of the bond "that an appeal, suspensive or devolutive, was granted," and it is not stated for which appeal the bond was given.

Where an administrator suffers a valuable plantation, mortgaged to the succession, to be sold for taxes for a nominal sum and buys it in through one of the heirs interposed, who subsequently sells it, but the entire price—cash and credit—goes into hands of the administrator, such purchase and sale enures to the benefit of the succession. And where two of the notes representing part of the price are delivered by the administrator to an heir who sues thereon, a creditor of the succession may intervene and have said notes declared the property of the succession.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Fontelieu, J.*

*Mouton & Martin* for Plaintiffs and Appellants.

*Felix Voorhies* for Intervenor and Appellee.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J. This motion is based on an alleged irregularity in the appeal bond.

It is contended that it is a bond in the alternative for a suspensive or a devolutive appeal; that this is shown by a recital in the bond in these words: " From which said judgment Edward and Emma Thomas have prayed for a suspensive and, in the alternative, for a devolutive appeal."

The bond is for the amount fixed for a suspensive appeal; it was filed within the time prescribed for such appeal, and it was evidently intended to further such appeal, and complies in its conditions and time of filing with the order therefor.

The motion is, therefore, denied.

### ON THE MERITS.

The plaintiffs sued the defendant on two promissory notes secured by mortgage on the property described in the petition. These notes were made payable to and endorsed by Honoré P. Guilbeau, and were given for part of the price of a tract of land purchased by the defendant that once belonged to the succession of John H. Thomas, of which Guilbeau was the administrator.

A. Maraist, syndic, a judgment creditor of the said succession, intervened in the suit, alleging that the notes sued on were the property of the succession of Thomas and had been improperly transferred or delivered by the administrator to the plaintiffs, who were heirs of the deceased ;. and that, as a judgment creditor of the succession, he had a right to be paid his debt before the heirs are entitled to receive anything therefrom ; their interest being residuary.

Exceptions to the intervention were filed by plaintiffs and defendant, mainly to the effect that no cause of action was set forth by the intervenor, inasmuch as the succession of Thomas was not alleged to be insolvent, and that Guilbeau, the indorser of the notes sued on; had not been made party to the suit.

These exceptions were referred to the merits.

The plaintiffs and defendant answered jointly, alleging, substantially, that plaintiffs were the owners of the notes sued on; and that the property, the price of which the notes represented, had ceased to

118

Thomas vs. Bienvenu.

belong to the succession by virtue of a previous conveyance long prior to the sale at which the notes were given. There was no issue raised by the pleadings between the plaintiffs and defendant; the contest is solely between the plaintiffs and the intervenor.

From a judgment in favor of the intervenor the plaintiffs have appealed.

The evidence shows that the succession of John H. Thomas was opened in 1865, and that Guilbeau, the husband of one of his daughters, became administrator of his succession, which was inventoried at over thirty thousand dollars. The administrator caused all the property to be sold, although the debts were inconsiderable, and has never filed any account of his administration, though repeatedly ordered to do so.

The plantation was sold for $10,000, one-half cash and the balance on credit.

After instituting suit to recover the credit portion of the price, he suffered the plantation to be sold for taxes, and through one of the heirs interposed, bought it in for $100, evidently for himself. Afterwards, the adjudicatee at the tax sale sold the property for $6,000, part cash and part on time, and the entire proceeds of the sale, cash and notes, went into the hands of Guilbeau, the notes being made payable to him or his order. Two of these notes were transferred by him to the plaintiffs, who, as stated, are forced heirs of the deceased.

The record shows that many thousand dollars have been received by the administrator Guilbeau during the course of his administration, not a dollar of which has been applied to the debt of the intervenor owing by Thomas at his death in 1865.

The District Judge, under this state of facts, came to the conclusion that the purchase at the tax sale was but a device on the part of the administrator to secure the property of the succession to himself, and that this purchase and its subsequent sale should enure to the benefit of the succession, and that the notes in suit representing the property sold should go to pay its debts.

We cannot say that he erred. In fact, any other conclusion, in the face of a flagrant maladministration and a palpable diversion of the funds of the succession, would virtually sanction its wilful and continued spoliation by the administrator. Under the facts developed on the trial, there was no necessity that the petition should have alleged the insolvency of the succession or that Guilbeau should have been made a party. The exception, therefore, which had been referred to the merits, was properly overruled.

For these reasons, the judgment of the lower court is affirmed with costs.